(47 South. 446.)

No. 17,154.

STODDARD v. STODDARD.

In re STODDARD.

(Oct. 19, 1908.)

WITNESSES (§ 60*)—COMPETENCY — HUSBAND AND WIFE—DIVORCE.

Where, in a divorce suit brought by the wife, the husband is ruled to show cause why he should not be punished for contempt for failing to pay alimony as ordered, the husband is a competent witness for the purposes of purging himself of the contempt charged. Such a proceeding is criminal in its nature, and is not designed for the benefit of the litigants, but to vindicate the authority and dignity of the court.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 60.*]

(Syllabus by the Court.)

Action by Lizzie Caruthers Stoddard against A. H. Stoddard. Rule to show cause why defendant should not be punished for contempt. From the judgment, plaintiff applies for writs of certiorari and mandamus. Denied.

Benjamin Rice Forman, for applicant. Respondent Judge (James Barkley Rosser, Jr., of counsel), pro se.

On Rehearing.

LAND, J. The proceeding below was on a rule to show cause why the defendant should not be punished for contempt for failing to pay alimony pending the divorce suit as ordered by the court. The complaint of the relatrix is that the judge below, on the trial of the rule, permitted the defendant husband to testify, and discharged the rule on the strength of his testimony. Relatrix contends that the trial judge acted illegally and contrary to the statutory law of Louisiana in permitting the husband to testify in his own defense. Rev. Civ. Code, art. 2281, says:

"The husband cannot be a witness for or against his wife, nor the wife for or against her husband."

The question is whether this prohibition applies to proceedings for contempt, in which the wife may have an indirect and consequential interest. In a late case we held that a proceeding directed by a court against a party to show cause why he should not be punished for contempt of its authority in refusing to obey its orders is not designed for the benefit of one or more of the litigants, but to vindicate the authority and dignity of the court itself. See State ex rel. Duffy & Behan v. Judge, 112 La. 182, 36 South. 315. From this standpoint the state was the real prosecutor in the proceedings complained of by relatrix. Generally speaking, proceedings against a party to punish him for contempt of the authority and dignity of the court are considered to be in the nature of criminal proceedings. 9 Cyc. 34. In the recent case, cited supra, this court so held after reviewing our jurisprudence on the subject. At common law the defendant in a contempt proceeding has an undoubted right to defend himself by sworn answers to interrogations, or by affidavit, or by his own testimony. 9 Cyc. 43–47. This was the practice under a system which did not permit any party, either in a civil or criminal action, to testify in his own behalf. Any other rule would muzzle the defendant in a contempt proceeding, and in many cases prevent him from purging himself of the contempt charged.

It is therefore ordered that our former decree herein be set aside, and it is now ordered that this proceeding be dismissed, at the costs of the relatrix.